IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEE EDWARD BOYD, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> JUSTIN JONES, DIRECTOR OF DOC, ) <br> ) <br> Defendant. ) | Case No. CIV-12-1385-HE |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). Two motions are pending before the court. Petitioner has filed a Motion to Amend his Petition for Writ of Habeas Corpus seeking to change the named respondent from the "District Court Noble County" to "Justin Jones, Director of the ODC." ECF No. 15 at 3. Petitioner's Motion to Amend is construed as a supplemental pleading pursuant to Fed. R. Civ. P. 15(d), and is hereby **GRANTED**. Justin Jones, the proper respondent, is hereby substituted for the District Court Noble County.

Respondent has filed a Motion to Dismiss for Failure to Exhaust State Court Remedies (Motion to Dismiss), ECF No. 17, and a Brief in Support of Motion to Dismiss Petition for Writ of Habeas Corpus for Failure to Exhaust State Court Remedies (Brief in Support), ECF No. 18. Petitioner has not replied to Respondent's Motion to Dismiss.

## I. Background and Case History

Petitioner states that he was convicted in the Noble County District Court of "child molesting" in July 2007, Case Number CF-07-53. ECF No. 1 (Petition) at 1. Petitioner states that he appealed his conviction but does not provide any other information.

The Respondent has provided documents which outline Petitioner's direct appeal and post-conviction proceedings. Plaintiff appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA) raising three issues: (1) that other crimes evidence was improperly admitted; (2) that prosecutorial misconduct deprived him of a fair trial; and (3) that the trial court erred in failing to give a corroboration instruction (Brief in Support Ex. 1). The OCCA filed a summary opinion affirming the judgment and sentence of the Noble County District Court, Case No. F-2008-389 (June 24, 2009), (Brief in Support, Ex. 2).

Thereafter, Petitioner filed his first application for post-conviction relief on June 28, 2010 (Brief in Support, Ex. 3). Petitioner raised five issues: (1) that his counsel had been ineffective; (2) that the evidence supporting his conviction was insufficient; (3) that admission of evidence of other crimes or bad acts had deprived him of a fair trial; (4) that prosecutorial misconduct had deprived him of a fair trial; and (5) that newly discovered evidence supported his claim of innocence. The Noble County District Court denied Petitioner's Application for Post-Conviction Relief on August 30, 2010 (Brief in Support, Ex. 4).

Petitioner filed a second application for post-conviction relief on September 1, 2010, raising the same issues he raised in his first application for post-conviction relief (Brief in Support, Ex. 5). According to Respondent, the Noble County District Court has not

ruled on Plaintiff's second application for post-conviction relief.

On May 11, 2011, Petitioner appealed the district court's denial of his first application for post-conviction relief to the OCCA. (Brief in Support, Ex. 6). The OCCA declined jurisdiction and dismissed the case because Petitioner had failed to attach a certified copy of the order from which he was appealing (Brief in Support, Ex. 7).

On August 5, 2011, Petitioner filed an application for post-conviction relief "out of time" in the Noble County District Court (Brief in Support Ex. 8). It appears that this motion is an attempt to properly appeal the denial of Petitioner's first application for post-conviction relief. Respondent states that Petitioner's August 5, 2011 post-conviction motion for appeal out of time is also still pending before the Noble County District Court. Petitioner has not replied to Respondent's Motion to Dismiss, and, therefore, Respondent's statements concerning the status of Petitioner's applications for post-conviction relief are uncontroverted.

**II.  Issue Presented**

In his Petition for Writ of Habeas Corpus before this Court, Petitioner raises only one issue: that the evidence supporting his conviction is insufficient (Petition at 5).

**III.  Exhaustion of State Court Remedies**

To obtain federal habeas relief, a state prisoner must "exhaust[ ] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction [sic] attack." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted). The

burden of proving exhaustion rests with the prisoner. *See Olson v. McKune*, 9 F.3d 95, (10th Cir. 1993). If an applicant has failed to exhaust state remedies and state courts "would now find the claims procedurally barred[,] the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (internal quotation marks omitted).

"Congress has emphatically directed us that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies--that is, unless doing so would be futile because of an absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant. *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (internal citations and quotations omitted). The Supreme Court has emphasized the importance of the exhaustion requirement in making state courts the "principal forum" for challenges to state convictions:

> Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court. 28 U.S.C. § 2254(b). If the state court rejects the claim on procedural grounds, the claim is barred in federal court unless one of the exceptions to the doctrine . . . applies. And if the state court denies the claim on the merits, the claim is barred in federal court unless one of the exceptions to § 2254(d) set out in §§ 2254(d)(1) and (2) applies. Section 2254(d) thus complements the exhaustion requirement and the doctrine of procedural bar to ensure that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding[.]

*Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 787 (2011)(internal citations omitted).

The issue in this habeas action was raised for the first time in Petitioner's first application for post-conviction relief. Still pending before the Noble County District Court are Petitioner's second and third applications for post-conviction relief. As discussed above, Plaintiff's third application for post-conviction relief seeks an order permitting him to appeal the denial of his first application for post-conviction relief out of time. Therefore, the issue Petitioner raises in the Petition before this Court--that his conviction was not supported by sufficient evidence--is an unexhausted claim.

Under Rule 2.1E (4), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18,App. (2011), there is a possibility that the state court will allow review of Petitioner's claims, including the claim he presents to this Court regarding the alleged insufficiency of the evidence. For this reason, Petitioner's claim is not procedurally barred, and the instant Petition should be dismissed without prejudice.

## RECOMMENDATION

In sum, Petitioner's Motion to Amend Petition, ECF No. 15, is construed as a motion to supplement his pleading, the motion as construed is **GRANTED**, and Justin Jones is substituted as Respondent.

It is recommended that the Petition for Writ of Habeas Corpus, **ECF No. 1,** be **DISMISSED WITHOUT PREJUDICE** as Petitioner's claim is unexhausted.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **August 19, 2013**. The parties are

further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on July 29, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE